NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL GORDON, | Civil Action No. 2:11-CV-4066 |
| Plaintiff, | (SDW) |
| v. | |
| EAST ORANGE VETERANS HOSPITAL, LYONS VETERANS HOSPITAL, POLICE CHIEF JOSE GONZALEZ, POLICE OFFICER GARY DOWDY, EAST ORANGE VETERANS HOSPITAL POLICE DEPARTMENT, DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA, JEANNETTE GREER, M.D., LING LAI LAM, M.D., ROGER S. YANG, M.D., ASSOCIATED RADIOLOGISTS, DIANE STIGLIN, SANDY MASTERS a/k/a SANDRA MASTERS, SOMERSET MEDICAL CENTER, STEEPLE CHASE BREAST CARE CENTER, SANOFI-AVENTIS BREAST CARE CENTER, JANE DOE 1-10, and ABC-XYZ CORPORATION, | **OPINION** <br><br> October 22, 2013 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court are three Motions to Dismiss *pro se* Plaintiff Carol Gordon's ("Plaintiff")

Complaint. The motions were filed by Defendants: 1) Diane Stiglin, Sandy Masters, Somerset

Medical Center, and Steeple Chase Medical Breast Care Center (collectively, the "Somerset

Medical Defendants"); 2) Jeannete Greer, M.D., Ling Lai Lam, M.D., Roger S. Yang, M.D., and

Associated Radiologists, P.A. (collectively, the "Associated Radiologists Defendants"); and 3)

East Orange Veterans Hospital, Lyons Veterans Hospital, Police Chief Jose Gonzalez, Police

Officer Gary Dowdy, East Orange Veterans Hospital Police Department, Department of Veterans Affairs, United States of America (collectively, the "Federal Defendants"). Also before this Court is Plaintiff's Motion to Amend the Complaint.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and § 1346(b)(1). Venue is proper in this District pursuant to 28 U.S.C. § 1391. This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendants' Motions to Dismiss and **DENIES** Plaintiff's Motion to Amend the Complaint.

## I.     FACTS AND PROCEDURAL HISTORY

### A.     Facts

According to the Complaint, in late 2004 or early 2005, Plaintiff received medical treatment at Defendant Lyons Veterans Hospital ("Lyons Hospital") regarding discomfort in her neck and knees. (Compl. ¶ 14.) Although x-rays were taken of Plaintiff's neck at Lyons Hospital, its staff failed to inform Plaintiff of an injury to the C6-C7 region of her spine. (*Id*.) Without medical treatment, Plaintiff's condition deteriorated and she experienced neck pain and other complications. (*Id*.) Additionally, while Plaintiff's breasts were examined on two occasions in 2005 at the Women's Health Clinic at Lyons Hospital, the examining nurse practitioner neither detected lumps in her breasts nor biopsied her breasts. (*Id*. ¶¶ 15, 17.)

Plaintiff alleges in the Complaint that she also underwent a mammogram at Defendant Somerset Medical Center in April 2005. (*See id*. ¶¶ 16, 56, 61.) The mammogram was conducted by Defendant Sandy Masters ("Masters")[1] and interpreted by Defendant Jeannete Greer, M.D.

---

[1] Defendant Sandy Masters is named as Sandy Masters a/k/a Sandra Masters in the Complaint, but Defendant identifies herself as Sandy Masters.

("Dr. Greer")[2] of Defendant Associated Radiologists. (*Id*. ¶ 16.) Plaintiff underwent another mammogram in December 2005, which Dr. Greer also interpreted. (*Id*. ¶ 18.) Plaintiff avers in the Complaint that although a nurse practitioner at Lyons Veterans Hospital prescribed an ultrasound of her breast to be conducted on December 6, 2005, neither the Lyons Veterans Hospital staff nor the staff at Somerset Medical Center, which knew about her ultrasound appointment, notified her about the appointment. (*Id*. ¶ 19.) Therefore, Plaintiff missed her ultrasound appointment. (*Id*. ¶ 21.)

As alleged in the Complaint, Plaintiff's next mammogram occurred on March 23, 2007 at Defendant Steeple Chase Breast Care Center ("Steeple Chase"). (*Id*. ¶ 22.) Masters and Defendant Dr. Ling Lai Lam, M.D. ("Dr. Lam") conducted the mammogram. (*Id*. ¶¶ 22-23.) Dr. Lam referred Plaintiff to a breast surgeon, whom Plaintiff saw. (*Id*. ¶¶ 23-24.) Thereafter on April 16, 2007, Plaintiff returned to Steeple Chase and underwent an ultrasound biopsy of her left breast, which Plaintiff alleges was done by Defendant Dr. Roger Yang, M.D. ("Dr. Yang"); this ultrasound resulted in Plaintiff's breast cancer diagnosis. (*Id*. ¶¶ 25, 52.)

The Complaint maintains that Plaintiff's failure to attend her December 2005 ultrasound appointment (*id*. ¶ 19), in conjunction with Dr. Greer's failure to properly interpret Plaintiff's two mammograms in 2005, resulted in the delay of Plaintiff's breast cancer diagnosis. (*Id*. ¶¶ 52-55.) Plaintiff contends that had her breast cancer been diagnosed in 2005, she would not have undergone chemotherapy and would not be permanently disabled as a result of chemotherapy and the accompanying prescription drugs. (*Id*. ¶ 55.) Importantly, Plaintiff admits that she was aware of a medical malpractice cause of action on or about April 16, 2007, the date on which a biopsy revealed that she had breast cancer. (*Id*. ¶ 53.)

_____

[2] The Complaint names Defendant as Jeannette Greer, but Defendant identifies herself as Jeannete Greer.

Throughout the next two years, Plaintiff continued to obtain medical treatment and care from the Somerset Medical Defendants and the Associated Radiologists Defendants. (*Id*. ¶¶ 34-62.) Plaintiff alleges that both the Somerset Medical Defendants and the Associated Radiologists Defendants committed medical malpractice while rendering this medical treatment and care. (*Id*. ¶¶ 56-62.) Notably, the Somerset Medical Defendants last furnished Plaintiff with medical services on March 27, 2009. (*Id*. ¶ 49.) The last instance in which Plaintiff specifies that the Associated Radiologists Defendants provided her with medical services occurred in March 2009. (*Id*. ¶ 50.)

Plaintiff was scheduled to undergo a lumpectomy in or about May 2007, but during administration of anesthesia in advance of the operation, the anesthesiologist cut under Plaintiff's tongue and the bottom of her mouth, leaving Plaintiff in severe pain. (*Id*. ¶ 64.) Shortly thereafter in June 2007, Plaintiff underwent a port placement procedure to enable her to undergo chemotherapy. (*Id*. ¶¶ 66, 93.) She refused anesthesia due to her then recent experience with the anesthesiologist. (*Id*. ¶ 66.) In the fall of 2007, Plaintiff began chemotherapy and alleges that the Lyons Hospital staff did not warn her that she could get leukemia and bladder cancer from chemotherapy. (*Id*. ¶¶ 68, 90.) In addition, Plaintiff avers in the Complaint that her treating medical teams at Lyons Hospital and East Orange Veterans Hospital ("East Orange Hospital") failed to timely and effectively administer her chemotherapy treatment. (*Id*. ¶¶ 81, 98, 104, 108.) For example, she asserts that the nurse practitioner at Lyons Hospital failed to schedule her weekly chemotherapy sessions, which resulted in her missing ten (10) sessions (*id*. ¶¶ 98, 108), and that commencement of a particular cancer-fighting drug, Herceptin, was negligently delayed ten (10) months by her treating physicians (*id*. ¶ 81). Moreover, Plaintiff contends that she experienced severe dental complications as a result of chemotherapy, including increase in the risk of cavities,

shifting teeth, and the forcible removal of at least two teeth. (*Id.* ¶¶ 69-71, 91.) Although Plaintiff repeatedly asked her medical providers for dental care, she did not receive any. (*Id.* ¶ 71.)

In addition to the above-mentioned problems with Plaintiff's chemotherapy treatment, the Complaint avers that Plaintiff was not provided with timely and appropriate transportation to receive chemotherapy and related treatment. (*See id.* ¶¶ 104, 114.) Plaintiff complains that the Veterans Administration ("VA") refused to furnish her with a wheelchair-enabled van to transport her to VA medical facilities in Wilkes-Barre and Allentown. (*Id.* ¶ 104.) Plaintiff also alleges that she was not provided timely transportation for a medical appointment, causing her to have a nervous breakdown and develop shingles. (*Id.* ¶ 114.)

According to the Complaint, Plaintiff inquired with East Orange Hospital personnel regarding the numerous chemotherapy sessions that she had missed. (*See id.* ¶ 98.) Plaintiff's inquiry resulted in police officers of the East Orange Veterans Hospital Police Department being called. (*Id.* ¶ 99.) Plaintiff alleges that the police officers, including Defendant Police Chief Jose Gonzalez ("Gonzalez") and Defendant Officer Gary Dowdy ("Dowdy"), restrained her using "the 5 point takedown" method. (*Id.* ¶¶ 99-100.) Plaintiff also claims that, despite her disability and inability to descend stairs because of her injured knee (which she explained to the officers), they forced her down the stairs with her hands behind her back. (*Id.* ¶ 100.) Plaintiff maintains that she suffered various injuries as a result of this incident, including, but not limited to, herniated discs, scoliosis of the spine, dislocation of her right ankle, and broken blood vessels in her right arm. (*Id.*) Therefore, she brings claims against the Federal Defendants sounding in, *inter alia*, assault, battery, false imprisonment, and deprivation of her civil rights. (*Id.* ¶ 99.)

Furthermore, according to the Complaint, Plaintiff suffered various neurological abnormalities, including speech impediments and improper brain function. (*Id.* ¶ 63.)

Accordingly, she advised her primary care physician at Lyons Hospital of her symptoms in March 2007 and asked to be referred to a neurologist; however, her primary care physician refused to timely refer her to a neurologist. (*Id.* ¶¶ 63, 77.) Plaintiff contends that despite her symptoms, she was not referred to a neurologist until January 2008. (*Id.* ¶ 77.) And even when the neurologist examined her, the neurologist failed to perform diagnostic tests and other tests that she had requested. (*Id.* ¶¶ 83-84, 87-88, 117-19.)

Finally, Plaintiff alleges myriad other acts or omissions by the Federal Defendants that she contends entitles her to relief. Most of these incidents relate to medical treatment that Plaintiff requested but did not receive. For example, Plaintiff complains that she repeatedly demanded tests relating to her thoracic spine but that the tests were not timely run. (*Id.* ¶¶ 73-75.) When the tests were finally administered, the results were improperly interpreted. (*Id.* ¶ 127.) Similarly, Plaintiff maintains that she suffered abnormal side effects from a specific part of her treatment regimen. (*Id.* ¶ 82.) Consequently, she requested diagnostic testing associated with the side effects, but her requests were either delayed or outright denied. (*Id.* ¶¶ 82, 86, 118.) Likewise, Plaintiff complains that she underwent three spinal taps that her doctors performed incorrectly, preventing them from diagnosing her illness. (*Id.* ¶¶ 78-81.) Last, Plaintiff contends that her doctors delayed placing telephone calls to refill her prescriptions for pain medications (*id.* ¶ 102) and that the VA failed to pay for requested swim therapy (*id.* ¶ 109).

### B. Procedural History

On April 14, 2009, Plaintiff, through her former attorney, filed a one count complaint in the Superior Court of New Jersey, Law Division, Somerset County, against Somerset Medical Center, Steeple Chase Breast Care Center, Dr. Greer, and Associated Radiologists (the "State Court Defendants") alleging medical malpractice (the "State Court Action"). (*See* Compl., *Gordon*

*v. Somerset Med. Ctr., et al.*, Docket No. SOM-L-697-09). The gravamen of Plaintiff's allegations in the State Court Action was that in 2005, the State Court Defendants failed to diagnose Plaintiff with breast cancer of the left breast when they examined Plaintiff and interpreted her mammogram images. (*Id.* ¶¶ 8-17.) Plaintiff contended that had the State Court Defendants properly examined her and interpreted her mammogram images, she would have had cancer in-situ, which would have been highly curable. (*Id.* ¶ 15.) She alleged that their failure to timely diagnose her left breast cancer caused her to undergo multiple mammograms, a lumpectomy, and other diverse procedures to cure her of cancer. (*Id.* ¶ 14.)

In June of 2011 the State Court Defendants moved for summary judgment in that action, arguing that Plaintiff's failure to secure an expert prevented her from being able to establish her medical malpractice claims. On or about July 15, 2011, Presiding Judge Edward M. Coleman, J.S.C. ("Judge Coleman"), agreed and granted the State Court Defendants' motion, finding that Plaintiff's failure to retain an expert, after several extensions of time and admonitions from the state court, was fatal to her attempt to prove medical malpractice. (*See* Memorandum, Defs.' Motion for Summary Judgment, Dkt. No. SOM-L-697-09 (July 15, 2011)). In granting the State Court Defendants' motion, he reasoned that Plaintiff's failure to obtain an expert after 679 days of discovery was inexcusable. *Id.* at 5.

Plaintiff appealed Judge Coleman's decision, which was still pending at the filing of the instant motions to dismiss.

On July 14, 2011, Plaintiff filed the Complaint commencing the herein matter. After a request to stay all proceedings in this matter was made on Plaintiff's behalf, this Court administratively terminated this matter on December 21, 2011. This matter was then reinstated on March 26, 2013, and the Defendants thereafter filed the instant motions to dismiss; the Somerset

Medical Defendants' motion was filed on April 9, 2013, while both the Federal Defendants and the Associated Radiologists Defendants' motions were filed on April 15, 2013.

## II.     LEGAL STANDARD

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief") (citation omitted).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.* at 679.

According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

The Third Circuit recently directed district courts to conduct a two-part analysis in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. *See id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11 (citing *Iqbal*, 556 U.S. at 678.) Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips*, 515 F.3d at 234-35.)

Finally, as a general rule, a district court deciding a motion to dismiss may consider only the contents of the pleadings. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, there exists an exception to that general rule in that "'[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.'" *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 253 n.3 (3d Cir. 2010) (quoting *Pryor*, 288 F.3d at 560 (emphasis omitted)).

## III.    DISCUSSION

### A.    Somerset Medical Defendants and Associated Radiologists Defendants' Motion to Dismiss

Both the Somerset Medical Defendants and the Associated Radiologists Defendants argue that the Complaint should be dismissed because the claims against the Defendants 1) were asserted after the applicable statute of limitations had elapsed; 2) are precluded pursuant to the doctrines of *res judicata* and collateral estoppel; 3) are barred by New Jersey's entire controversy doctrine; and 4) fail to state causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 1.    Statute of Limitations

"Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and statutes of limitations are considered substantive." *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985); *see Dixon Ticonderoga Co. v. Estate of O'Connor*, 248 F.3d 151, 160-61 (3d Cir. 2001).  District courts are authorized to dismiss a complaint where the plaintiff failed to assert the claim within the applicable statute of limitations period after the cause of action accrued. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).  A claim accrues when the injured party knew or had reason to know of the injury that constitutes the basis of his action. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385-86 (3d Cir. 1994).  The critical inquiry is whether the facts giving rise to the claim were known, or through reasonable diligence, should have been known to the plaintiff. *Id*.  The burden of establishing the applicable statute of limitations, an affirmative defense, typically rests with the defendant. *See Van Buskirk*, 760 F.2d at 487; *see also Gruber v. Price Waterhouse*, 911 F.2d 960, 963 (3d Cir. 1990).

The applicable New Jersey law states that "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced

within 2 years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2(a). Accordingly, medical malpractice causes of action are subject to a two-year statute of limitations. *Walker v. Choudhary*, 425 N.J. Super. 135, 140 (App. Div. 2012). The Associated Radiologists Defendants and the Somerset Medical Defendants argue that Plaintiff's claims against them "arise from defendants' participation in [Plaintiff's] treatment and care between April 1, 2005 and March 30, 2009." (Assoc. Radiologists Defs.' Br., 6; Somerset Med. Defs.' Br., 4). The Associated Radiologists Defendants argue that although Defendants Drs. Lam and Ling were not named as party defendants in the State Court Action, Plaintiff could have identified actionable claims against them through the exercise of reasonable diligence. (*See* Assoc. Radiologists Defs.' Br., 6-7.) Likewise, the Somerset Medical Defendants argue that while Defendants Siglin and Masters were not named in the State Court Action, through the exercise of reasonable diligence, Plaintiff could have discovered the basis for an actionable claim against them. (*See* Somerset Med. Defs.' Br., 4.) Finally, both the Associated Radiologists Defendants and the Somerset Medical Defendants highlight the fact that Plaintiff admits in paragraph 53 of the Complaint that she was aware of a medical malpractice cause of action against them on or about April 16, 2007. (*See* Assoc. Radiologists Defs.' Br., 6; Somerset Med. Defs.' Br., 4.) They therefore conclude that Plaintiff's claims against them should be dismissed since Plaintiff filed the Complaint on July 14, 2011, well after the applicable two-year statute of limitations period had run. (*See* Assoc. Radiologists Defs.' Br., 6; Somerset Med. Defs.' Br., 4.) In opposition, Plaintiff does not address the Associated Radiologists Defendants and the Somerset Medical Defendants' statute of limitations arguments. (*See generally*, Pl.'s Br.)

It is apparent from the Complaint that Plaintiff's medical malpractice cause of action for failure to diagnosis cancer accrued, at the latest, on April 16, 2007, which was more than two years

before the Complaint was filed on July 14, 2011. To be sure, Plaintiff admits the following in the Complaint: "Plaintiff did not discover that she may have had a cause of action for medical malpractice against Greer, and the other defendants until April 16, 2007 or shortly thereafter." (Compl. ¶ 53). The gravamen on Plaintiff's medical malpractice cause of action with regard to the Somerset Medical Defendants and the Associated Radiologists Defendants is that they failed to properly perform mammograms and interpret the results thereof in April 2005 and December 2005. (*Id*. ¶¶ 52-55.) Plaintiff contends that had her breast cancer been diagnosed in 2005, she would not have undergone chemotherapy and would not be permanently disabled as a result of chemotherapy and the accompanying prescription drugs. (*Id*. ¶ 55.) Plaintiff acknowledges that she underwent a biopsy on April 16, 2007, which revealed breast cancer. (*Id*. ¶¶ 35, 52.) Accordingly, Plaintiff's claim for failure to timely diagnose her cancer is barred by the applicable two-year statute of limitations because it was asserted on July 14, 2011, more than four (4) years after it had accrued on April 16, 2007.

The Court is mindful of its obligation to liberally construe *pro se* complaints in favor of the plaintiff when determining the sufficiency of the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). In that vein, the Court adds the following. In liberally construing the Complaint in favor of the *pro se* Plaintiff, it can be concluded that Plaintiff states assault and battery causes of actions against the Somerset Medical Center Defendants. Under New Jersey law, claims for personal injury, including assault and battery, are subject to a two-year statute of limitations. N.J.S.A. 2A:14-2. Plaintiff alleges that when she underwent a mammogram at Steeple Chase on March 23, 2007, Defendant Masters, the technician that operated the mammogram machine, forced the machine to compress her breasts extremely hard, causing severe injury and medical complications. (Compl. ¶¶ 22, 24, 59.) Any

cause of action that may have arisen out of this occurrence accrued on March 23, 2007. As the Complaint was not filed until July 14, 2011, any claim arising therefrom is barred by the applicable two-year statute of limitations. Furthermore, Plaintiff's allegations in the Complaint indicate that the only medical services she sought at Somerset Medical Center and Steeple Chase were medical screening and diagnostic testing. (*Id*. ¶¶ 16, 18–23, 25–32, 36–49.) Her last visit to Somerset Medical Center or Steeple Chase was March 27, 2009. (*Id*. ¶ 49.) Other than Plaintiff's allegation of failure to diagnose breast cancer, which is discussed *supra*, there are not any other allegations in the Complaint against the Somerset Medical Defendants that indicate they caused a latent injury. Therefore, the discovery rule is inapplicable and any other cause of action against the Somerset Medical Defendants would have accrued by March 27, 2009. *See Lopez v. Swyer*, 62 N.J. 267, 272-73 (1973). Since Plaintiff's Complaint was filed on July 14, 2011, any other cause of action that may be construed against the Somerset Medical Defendants is barred by the applicable two-year statute of limitations.

With regard to Associated Radiologists, the last date of medical services rendered that Plaintiff specifies in the Complaint is March 2009. (Compl. ¶ 50.) The Court does note, however, that Plaintiff alleges that Defendants Drs. Lam and Yang "deviated from the accepted standards of radiological and medical care in their interpretation of the diagnostics starting March 23, 2007 to [the] end of 2009." (*Id*. ¶ 57.) Similarly, Plaintiff states that Defendant Dr. Greer "deviated from accepted standards of radiological and medical care in her interpretation of the mammograms in April 2005, December 2005, and but (sic) not limited to May 2008 to the end of 2009." (*Id*. ¶ 56.) Despite Plaintiff's statements that Drs. Greer, Lam, and Yang deviated from the accepted medical care standards through the end of 2009, the Complaint does not include "a short and plain statement of [any] claim" from July 15, 2009 to the end of 2009. While the Court is cognizant of its duty to

hold *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers[,]'" *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), Plaintiff's allegations cannot be construed to allege a claim after March 2009. In each of Plaintiff's allegations against the Associated Radiologists Defendants, she specifically states the date on which each event occurred; none is after March 2009. (Compl. ¶¶ 18, 19, 22–23, 25–38, 41-42, 50, 52-53). Based on the allegations, medical malpractice is the only claim that could be construed against the Associated Radiologists Defendants. Therefore, any cause of action Plaintiff may have had against them accrued by March 2009, at the least. Thus, the Complaint filed on July 14, 2011 was filed after the applicable two-year statute of limitations, and the claims asserted therein against the Associated Radiologists Defendants are hereby dismissed.

### 2. Res Judicata

It is settled in this circuit that federal courts must give a state court judgment the same preclusive effect that the judgment would be given under the law of the state in which the judgment was rendered. *See Balthazar v. Atl. City Med. Ctr.*, 137 F. App'x 482, 488 (3d Cir. 2005). In general, "*res judicata* refers to the binding effect of a judgment in a prior case on the claims or issues in the pending litigation." *Roberts v. Conway*, 2010 U.S. Dist. LEXIS 78453, at *6 (D.N.J. Aug. 3, 2010). The Third Circuit essentially merged the doctrines of claim preclusion and issue preclusion under the overarching term "*res judicata*." *Id.* (citing *Hogg's v. New Jersey*, 352 F. App'x 625 (3d Cir. 2009)). A claim — for purposes of *res judicata* — includes not only those matters actually addressed by the prior judgment, but also those matters which could have been raised in that action: i.e., matters that arise from the same facts, occurrences, or transactions that were the basis of a prior action fall within the scope of claim preclusion. *See Brown v. Felsen*, 442

U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (emphasis added). Furthermore, New Jersey's Entire Controversy Doctrine has been described in this circuit as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Under New Jersey law, *res judicata* applies when: (1) the judgment in the first action is valid, final, and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action. *See Velasquez v. Franz*, 123 N.J. 498, 505-06 (1991); *see also* RESTATEMENT OF (SECOND) JUDGMENTS § 19 (1982).

Here, the parties do not dispute that the claims asserted in this matter arise out of the same transactions or occurrences that formed the basis of the State Court Action. The parties do disagree, however, about whether the grant of summary judgment in the State Court Action was valid, final, and on the merits. Plaintiff appears to argue that the pendency of her appeal of the State Court Action precludes the applicability of *res judicata* because the case has yet to be decided on the merits. (Pl.'s Br., 2.) Plaintiff also notes that she filed the Complaint prior to the summary judgment motion being granted in the State Court Action, and that the Complaint advises the Court that there is a prior filed similar action in state court, which "should be joined/moved to Federal Court." *Id.* She seems to argue that this makes *res judicata* inapplicable. The Somerset Medical Defendants and the Associated Radiologists Defendants retort that the grant of summary judgment in state court was valid, final, and on the merits because the state court granted the motion due to

Plaintiff's lack of an expert. They also contend that the pending appeal has no effect on the finality aspect of *res judicata*.

Moreover, Plaintiff argues that since she named additional parties in the Complaint, the Somerset Medical Defendants and the Associated Radiologists Defendants cannot assert *res judicata* by relying on the state court granting summary judgment in favor of the Defendants who are named here but were not named in the State Court Action. The Somerset Medical Defendants and the Associated Radiologists Defendants reject Plaintiff's position, arguing that the allegations raised against the Defendants who were not named in the State Court Action could have been raised in that matter and arise out of the same transactions and occurrences that were the subject of the State Court Action.

It is undisputed that the state court granted Defendants' summary judgment motion due to Plaintiff's failure to retain an expert. That was a valid, final, and on the merits resolution of the State Court Action. Plaintiff's argument that the pendency of her appeal prevents *res judiciata* from applying is unavailing. Under New Jersey law, a state trial court's resolution of a matter is "final" for *res judicata* purposes even if an appeal of the matter is pending. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (citing *Gregory Mktg. Corp. v. Wakefern Food Corp.*, 207 N.J. Super. 607, 624 (Law Div. 1985)). Furthermore, although Plaintiff did not name Defendants Siglin, Masters, and Drs. Lam and Yang in the State Court Action, they are in privity with their employers, who were named in that matter. Additionally, the causes of action asserted against them arise out of the same transactions and occurrences that formed the basis of the State Court Action. Finally, Plaintiff offers no reason why she could not have asserted her claims against them in the State Court Action. Indeed, she acknowledges in the Complaint that she was aware of the identity of these Defendants when she received treatment. Therefore, *res judicata* bars Plaintiff from

asserting the herein claims against the Somerset Medical Defendants and the Associated Radiologists Defendants and any claims so asserted are hereby dismissed.

**B.     The Federal Defendants' Motions to Dismiss**

With the passage of the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, Congress enacted a limited waiver of the sovereign immunity that the United States of America enjoys. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).  The FTCA subjects the United States to liability for the tortious conduct of federal government employees occurring within the scope of employment and confers exclusive jurisdiction to the district courts to adjudicate such claims.  *See* 28 U.S.C. §§ 1346(b), 2671 *et seq.*  Under the FTCA, the United States, to the same extent as a private party, is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id*. § 1346(b)(1). Importantly, only the United States, and not federal agencies or employees thereof, is the appropriate defendant in an action to recover damages arising out of the tortious conduct of federal employees. *Id*. at § 2679(a); *see Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. Appx. 44, 45-46 (3d Cir. 2011).  Stated differently, if a plaintiff suffers injury from the negligent conduct of a federal worker that occurs during the scope of the worker's employment, the United States is the only party from whom the aggrieved party can recover money damages; neither the federal employee nor the federal agency for which the employee works is an appropriate defendant. *See Lomando v. United States*, 667 F.3d 363, 375 (3d Cir. 2011).

In this matter, in addition to the United States, Plaintiff names the United States Department of Veterans Affairs ("VA") and several components thereof: Lyons Veterans Hospital, East Orange Veterans Hospital, East Orange Veterans Hospital Police Department, Police Chief

Jose Gonzalez, and Police Officer Gary Dowdy. The Federal Defendants argue that other than the United States, all other Federal Defendants are improper and the claims asserted against them should be dismissed. (Federal Defs.' Br., 14.) With respect to the individual Defendants, Jose Gonzalez and Gary Dowdy, the Federal Defendants submitted a Certification of Scope of Employment, executed by James B. Clark, III, Chief of the Civil Division of the United States Attorney's Office of the District of New Jersey[3], in which he avers that these individuals "were acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the complaint." (Certification of Scope of Employment, executed by James B. Clark, III, Chief of the Civil Division of the United States Attorney's Office of the District of New Jersey, April 11, 2013.) In opposition, Plaintiff fails to justify why she named the VA, East Orange Hospital, East Orange Veterans Hospital Police Department, Lyons Hospital, Gonzalez, and Dowdy in the Complaint. Nor does Plaintiff point to any exception to the FTCA that would warrant their inclusion as Defendants. With regard to Gonzalez and Dowdy specifically, she appears to argue that "[t]hey acted out of the scope of their employment." (Pl.'s Br., 4.)

With respect to Plaintiff's claims against the Federal Defendants, it is clear under the FTCA that the United States is the only proper Defendant. Plaintiff's allegations in the Complaint fit squarely within the ambit of seeking redress for injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). Under such circumstances, only the United States is the appropriate Defendant, and the VA and the component parts thereof—East Orange Hospital, East Orange Veterans Hospital Police Department, Lyons

---

[3] Under 28 U.S.C.S. § 2679(d)(1), the Attorney General is empowered with certifying that the employee was acting within the scope of his or her employment when the allegedly tortious conduct occurred. The Attorney General has delegated his certification authority to the United States Attorneys. 28 U.S.C. § 510; 28 C.F.R. § 15.3.

Hospital—are improper Defendants and the claims against them are hereby dismissed with prejudice.

As for Gonzalez and Dowdy, while Plaintiff seems to suggest in her Opposition that they acted outside the scope of their employment, she failed to allege in the Complaint that they did not act within their scope of employment. She also fails to present any evidence that refutes the Certification of Scope of Employment. A certification that the federal employee acted within the scope of his employment when the allegedly tortious act occurred is prima facie evidence that the employee did, in fact, act within the scope of his employment. *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992). "Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it." *Id*. A plaintiff's mere assertion, however, that the employee did not act within the scope of his employment, as was done here, is insufficient to overcome the plaintiff's burden. *See Brumfield v. Sanders*, 232 F.3d 376, 379-80 (3d Cir. 2000). Therefore, since Gonzalez and Dowdy acted within the scope of their employment, Plaintiff's claims against them are hereby dismissed with prejudice.

Furthermore, Plaintiff failed to plead the jurisdictional requirements of a valid FTCA claim. It is axiomatic under the FTCA that a plaintiff must exhaust all administrative remedies by, *inter alia*, furnishing the offending agency with written notice of the claim, including a sum certain, prior to bringing suit. 28 U.S.C. § 2675(a)-(b); *Bialowas v. United States,* 443 F.2d 1047, 1048-49 (3d Cir. 1971). Exhausting administrative remedies is a jurisdictional requirement and cannot be waived. *Bialowas,* 443 F.2d at 1049. "Failing to follow this procedure deprives federal courts of subject matter jurisdiction." *Abulkhair v. President of U.S.*, 494 F. App'x 226, 229 (3d Cir. 2011). Importantly, the plaintiff bears the burden of demonstrating that she has properly exhausted all administrative remedies. *Bialowas*, 443 F.2d at 1048. District courts will not hesitate to dismiss

the complaint where the plaintiff has failed to allege facts demonstrating exhaustion of all administrative remedies. *See D'Alessandro v. Equal Emp't Opportunity Comm'n*, 215 F. Supp. 2d 419, 422 (D. Del. 2002).

Here, Plaintiff's failure to allege that she exhausted all administrative remedies is fatal to her claims against the United States. Nowhere in the Complaint does she demonstrate that she exhausted all administrative remedies. The Complaint fails to allege that she furnished the VA with notice of her claims or that she otherwise complied with the jurisdictional requirements of FTCA. The Federal Defendants discuss at great length Plaintiff's failure to exhaust administrative remedies in its moving brief. (Fed. Defs.' Br., 16-21.) In Opposition, Plaintiff does nothing to cure the jurisdictional defects and does not offer any justification for her failure to comply with the FTCA. Therefore, Plaintiff failed to meet the jurisdictional requirements of the FTCA, necessitating the dismissal of her claims against the Federal Defendants for lack of jurisdiction.

## IV. CONCLUSION

Based on the allegations in the Complaint, Plaintiff's causes of action against the Somerset Medical Defendants and the Associated Radiologists Defendants are dismissed because they 1) were asserted after the applicable two-year statute of limitations had expired and 2) are barred by the doctrine of *res judicata*. Furthermore, Plaintiff's claims against East Orange Veterans Hospital, Lyons Veterans Hospital, Gonzalez, Dowdy, East Orange Veterans Hospital Police Department, and the Department of Veterans Affairs are dismissed because pursuant to the FTCA, Plaintiff's allegations can only be brought against the United States. Additionally, Plaintiff failed to exhaust all administrative remedies and therefore, this Court does not possess jurisdiction over her claims against the United States under the FTCA. In light of the Court's findings herein,

Plaintiff's request to amend her Complaint is denied as moot. Further, Plaintiff's proposed amendment would be futile.

s/ Susan D. Wigenton, U.S.D.J.

Cc:     Madeline Cox Arleo, U.S.M.J.
        Parties